# 727-15

PD-0727-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 20 2015

Abel Acosta, Clerk

In The
Court OF Criminal Appeals
    OF Texas

Austin, Texas

Patrick Antuan Knox
    Appellant
        Vs.

The Court OF Appeals
    Appelle

FILED IN
COURT OF CRIMINAL APPEALS

JUL 22 2015

Abel Acosta, Clerk

On P.D.R. from the Fifth Court OF Appeals
    Dallas, Texas
    No. 05-14-00551-CR

Brief for the Appellant
    Pro-Se

Patrick Knox # 1927273
Choice Moore Unit
1700 N. F.M. 87
Bonham, TX 75454

## Identity OF Parties And Counsel

1.) Justices - Lang, Stoddart, and Schenck
Court OF Appeals/Fifth District OF Texas
600 Commerce Street, Suite 200
Dallas, TX 75202

2.) Appellant   Patrick Knox #1927273
Choice Moore Unit
1700 N. F.M. 87
Bonham, TX 75454

## Statement Regarding Oral Argument

Appellant requests oral argument to help develope the facts and law of the case and to answer any points raised.

# Table OF Contents

Identity OF Parties and Counsel . . . . 2
Statement Regarding Oral Argument . . 3
Table of Content . . . . u
Index of Authorities . . . . S
Statement of the case . . . . 6
Grounds for Review . . . . 7
Statement OF Facts . . . . 7-8
Summary OF Argument . . . . 9
Argument . . . . 10
Prayer . . . . 14
Certificate OF Service . . . . 14

(5)

# Index OF Authorities

pg    Jackson V. Virginia, 443 U.S. 307 (1979)

pg    Adames V. State, 353 S.W. 3d 854 (Tex. Crim. App. 2011)

pg    Texas Penal code § 1.07 (a) (46)

pg    Williams V. State, 696 S.W. 2d 896 (Tex. Crim. App. 1985)

## Statement OF The Case

Appellant was charged by Indictment with the offense of Aggravated Assault (CR.15) Specifically that he on or about the 16th day of March, did then and there intentionally, Knowingly, or recklessly cause serious bodily injury to Shenekque Nash - by striking Nash with defendants hand and by kicking Nash with defendants foot.

After a plea of not guilty, Appellant wavied his right to a jury Trial and was tried by the Court on April 22, 2014, And was found guilty. The Court then Sentenced defendant to (16) years confinement (CR. 68) Appellant timely filed a notice of Appeal (CR. 73) Undersigned counsel was appointed to represent Appellant on Appeal. Appeal was Overruled - Judgement Affirmed - entered 28th day of May - 2015. Appellant timely filed for Discretionary Review with the Court of Criminal Appeals and this brief follows. Undersigned Counsel withdrew.

Appellant - Pro-Se

7)

## Grounds For Review Number 2

The Court Of Appeals erred in holding that The evidence was Sufficent to Support Serious Bodily Injury.

### Statement Of Facts

Dr. Bean testified victim was positive for Amphetamine and Marjuana on her drug Screen (RR) 127 16-24

State question for Bean / why do you test someone for drugs? (RR) pg 127 25 Answer:

I want to prove or disprove someone is not functioning mentally : that it could be from drugs." In other words it could cloud the picture (RR) pg 128 1-9

Dr. Bean testified that he didnt expect her to be that confused from drugs, but it could have clouded his assessment of her. (RR) pg 128 18-24
Re direct: (RR) 129 12 pg 132 1-10
Dr. Bean testifies he did his base line based on a normal person
(RR) pg 131 24-25, mother never told doctor victim was bi-polar

When asked, being bi-polar, Using drugs; Could that cloud the picture and cause confusion, Dr. Bean agrees - "Yes" (RR) pg 130 7-18

Dr. Bean testified that he told victim and all his patients to follow up if symptoms are not resolved with in a week (RR) 125 3-11 / and symptoms are not resolved with in a week or so would be, impaired Memory loss (RR) pg 125 12-17

There is no record of a follow up or long term memory loss (RR) 142 3-15

Victim Never appeared or testified

Dr. Bean testified on 3 different accounts that there was no Serious Bodily Injury (RR) pg 134 9-21 / pg 136 6-13 / pg 136 20-25 / pg 137 1-11

Bean testified (RR) pg 139 16-25 / intinially he thought she had a risk of death doesn't necessarilly mean after testing she had a risk, And he ruled out a degree of injury.

Bean states he ran medical testing to find extent, and concluded she did not suffer a S.B.I (RR) 132 22-25 133 1-14

## Summary OF Argument

The Appeal Court erred in finding Serious Bodily Injury. The evidence was insufficient. The victim did not testify to any memory loss, cause, or extent. Nor did the physician testify to any protacted or long term memory loss or Serious Bodily Injury. Nor is there any medical records of any long term memory loss or Serious Bodily Injury.

## Argument

Issue 1: The Court OF Appeals erred in finding Serious Bodily Injury(By claim victim suffered from memory loss) Evidence was insufficent.

Standard OF Review: The only standard that a reviewing court should apply in determing whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt is that standard in Jackson V. Virginia, 443 U.S. 307(1979) Adames V. State, 353 S.W. 3d 854(Tex.Crim.App. 2011). The Court reviews all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the rime beyond a reasonable doubt. Id. 860

Discussion: While the trier of fact may have had enough evidence to conclude that ~~that~~ the victim suffered "Bodily Injury", it did not have evidence at all to establish she suffered S.B.I, which is an element of the offense of Conviction Under Texas Law, Such injury is defined as injury that causes death, Serious Permant disfigurement, or protacted loss of the function of any bodily member or organ

Texas Penal Code § 1.07 (a) (46)
Williams V. State, 696 S.W. 2d 896

12)

The evidence was insufficient to proclaim Serious Bodily Injury (By Memory loss). The State never proved, Only assumed that memory loss was caused from the alledged assault. Theres no way to prove when the alledged memory loss occured. No one could testify to the victims state of mind before the alledged assault. Its irrational to assume that memory loss was caused from the alleged assault. There is no way to know if the injuries or memory loss was already exsisting before hand. With no victim to testify to any injury, memory loss, or cause, or effect. It is irrational and beyond a rational tier of fact. The Trial & Appeal Court erred in finding S.B.I by claim of memory loss.

The state never proved wheather the memory loss could have been an effects from the drugs that were in the victims systems at the time of the indicrent. The doctor himself said if she would have been at risk of death - he would not have sent her home. (RR) 134ᵘ 12-21 (RE-Cross Examination) pg 139ᵘ 18-25 A doctor whom stated she suffered no Serious Bodily Injury. Mother testified the victim was bi-polar, stop taking her medication for bi-polorism years ago. Victim also tested positive at the hostipal for Amphetamines and marjuana

(3)

We know she has a long history of drugs & drug abuse. Could memory loss be the effects of being high off drugs? We don't know! Could it be the effects of frying your brain on drugs? We know she has drugs in her system. There's no evidence of any type of follow up for post-concussive syndrome. Dr. Bean instructed the victim to follow up if she had any on going effect over a period of time. Victim never followed up or came back

At the most, if anything that was suffered it was bodily injury. There's absolutely no evidence before the Court or in the record of any Serious Bodily Injury. I would ask that this case be reversed and remanded with instructions that case be dissmissed.

## Prayer

Appellant prays that the judgement of Conviction and sentence be reversed

Respectfully Submitted
P-J-K J-cx
Choice Moore Unit
1700 N.F.M 87
Bonham, TX 75454

## Certificate OF Service

I hereby certify that a true and correct copy of the forgoing Appellant P.D.R Brief was served July ___ 2015 upon the Criminal Court OF Appeals, Austin, TX by hand delivery or by deposting the same, postage prepaid in the United States Mail first class, in an envelope, properly addressed to his address of record. A copy was also mailed to District Attorney of Collin County, State procuting Attorney OF Austin.

Affirmed and Opinion Filed May 28, 2015.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00551-CR

## PATRICK ANTUAN KNOX, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court
Collin County, Texas
Trial Court Cause No. 380-81027-2013

## MEMORANDUM OPINION
Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Stoddart

Patrick Antuan Knox was convicted of aggravated assault causing serious bodily injury in a bench trial after he waived his right to a jury. The trial court found an enhancement allegation true and sentenced Knox to sixteen years in prison. In two issues, Knox contends the evidence is insufficient to support a finding that the victim suffered serious bodily injury and the trial court abused its discretion in sentencing him "without articulating sufficient reason and for disregarding mitigation evidence presented by the defense." We overrule his issues and affirm the trial court's judgment.

### BACKGROUND

On March 6, 2013, Knox and his wife, Shenekque Nash, were leaving the Collin County Courthouse. They began arguing in the parking lot, and several people saw Knox punch and kick Nash. When two men tried to intervene, Knox threatened them saying, "You want some,

too?" Nash was lying unconscious on the ground. Sheriff deputies quickly arrived and determined that Knox was the aggressor. Dr. Lawrence Bean treated Nash when she arrived at the hospital by ambulance. Nash suffered a traumatic head injury, was not oriented to time, and had no memory of the event. According to Bean, when Nash presented at the emergency room, she posed a substantial risk of death due to the type of injuries she sustained. Bean determined Nash suffered a concussion and released her to go home later that day with pain medications and an order to see a neurologist for follow-up care. Bean also testified that memory loss can occur as a result the type of traumatic head injury suffered by Nash.

Nash's mother testified that Nash lived with her before and after the assault. Her mother testified that before the assault, Nash had a good memory. But after the assault, Nash suffered long-term memory loss, frequently forgetting events and conversations with her mother.

### STANDARD OF REVIEW

We review a challenge to the sufficiency of the evidence on a criminal offense for which the State has the burden of proof under the single sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). Under this standard, the relevant question is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2011) (footnotes omitted).

This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Therefore, in analyzing legal sufficiency, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.* When the record supports conflicting inferences, we

–2–

presume that the factfinder resolved the conflicts in favor of the verdict and therefore defer to that determination. *Id.* Direct and circumstantial evidence are treated equally: Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id.* We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *See Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

As applicable here, a person commits aggravated assault if the person intentionally, knowingly, or recklessly causes serious bodily injury to another, including the person's spouse. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1), 22.02(a)(1) (West 2011).

DISCUSSION

## A. Serious Bodily Injury

Knox contends in his first issue that the evidence was insufficient to prove he caused serious bodily injury to Nash.

Serious bodily injury means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. TEX. PENAL CODE ANN. § 1.07(a)(46). Whether an injury constitutes serious bodily injury is determined on a case by cases basis. *See Moore v. State*, 739 S.W.2d 347, 352 (Tex. Crim. App. 1987) (plurality op.) (en banc). A substantial risk of death "is a risk that gives rise to apprehension of danger to life." *Id.* at 353. A "protracted loss or impairment" is one that is "either continuing, dragged out, drawn out, elongated, extended, lengthened, lengthy, lingering, long, long-continued, long-drawn, never-ending, ongoing, prolix, prolonged, or unending." *Id.* at 352. The loss of function need only be protracted, not permanent. *See Andrus v. State*, No. 05-08-00703-CR, 2010 WL 797196, at *2 (Tex. App.—

Dallas Mar. 10, 2010, no pet.) (mem. op., not designated for publication) (listing cases where serious bodily injury was found from loss of function for three months, four weeks, six weeks, and three and a half months). The relevant inquiry is the extent of the bodily injury as inflicted, not after the effects have been ameliorated or exacerbated by medical treatment. *Stuhler v. State*, 218 S.W.3d 706, 714 (Tex. Crim. App. 2007).

Bean testified Nash arrived at the hospital with obvious swelling and bruising to her head and face. She was only able to give one or two word responses to questions. He explained that a person like Nash with this type of traumatic head injury, confusion, and showing physical signs of trauma to the head, was at a significant risk of death. According to Bean, approximately one out of every thirty people with this type of head injury actually die from the injury. Although Nash tested positive for amphetamine and cannabis, Bean concluded her altered state and confusion was not due to those substances, but was the result of significant traumatic brain injury. Bean testified possible long-term effects of traumatic brain injury include impaired memory.

There is evidence Nash suffered memory loss following the assault. Her mother testified at trial, more than a year after the assault, that Nash had difficulty remembering things. Before the assault, Nash's memory was good, but afterwards, she would not remember things told to her just minutes or an hour before.

This evidence supports a finding of serious bodily injury. *See Powell v. State*, 939 S.W.2d 713, 718–719 (Tex. App.—El Paso 1997, no pet.) (evidence police officer suffered concussion and memory loss as a result of defendant's violently kicking him in the head was sufficient to show serious bodily injury). Considering all the evidence in the light most favorable to the jury's verdict, we conclude a rational fact-finder could have found the essential elements of the offense beyond a reasonable doubt. *See Clayton*, 235 S.W.3d at 778. We overrule Knox's

a ten-minute recess, the trial court announced its finding that the enhancement paragraph was true and assessed punishment at sixteen years in prison, well within the range of punishment for the offense. The record is devoid of any statements by the trial court or other evidence indicating it failed to consider the full range of punishment or the evidence presented at the punishment hearing.

Because there is absolutely no showing of bias in the record, we presume the trial court's actions were correct. *Brumit*, 206 S.W.3d at 645. We overrule Knox's second issue.

We affirm the trial court's judgment.

/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
140551F.U05

first issue.

## B. Sentencing

Knox argues in his second issue that the trial court abused its discretion in sentencing him to prison "without articulating sufficient reason and for disregarding mitigation evidence presented by the defense." It is unclear whether this issue asserts the trial judge was biased or some other error in the sentencing process. From the argument and authorities cited in the brief, we consider the issue as raising a due process challenge to the sentence. However, Knox did not object to the sentence or otherwise bring this complaint to the attention of the trial court. We doubt Knox preserved this issue for review, however, we conclude the record shows no partiality by the trial court or that an improper sentence was imposed. *See Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex. Crim. App. 2006) (reserving question whether objection in trial court is required to preserve error regarding partiality of the trial court or imposition of a predetermined sentence).

"Due process requires a neutral and detached hearing body or officer." *Brumit*, 206 S.W.3d at 645. "[A] trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process." *Ex Parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005); *see also Brumit*, 206 S.W.3d at 645. But "[a]bsent a clear showing of bias, a trial court's actions will be presumed to have been correct." *Brumit*, 206 S.W.3d at 645. Bias is not shown when (1) the trial court hears extensive evidence before assessing punishment, (2) the record contains explicit evidence that the trial court considered the full range of punishment, and (3) the trial court made no comments indicating consideration of less than the full range of punishment. *See id.; see also Brown*, 158 S.W.3d at 456.

The record shows the trial court heard punishment evidence and the arguments of counsel. Appellant requested probation and the State requested a sentence of twenty years. After



# Court of Appeals
## Fifth District of Texas at Dallas
**JUDGMENT**

PATRICK ANTUAN KNOX, Appellant

No. 05-14-00551-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-81027-2013.
Opinion delivered by Justice Stoddart.
Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 28th day of May, 2015.